JEFFREY H. WOOD, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 307-6623
Fax: (202) 305-0275
E-mail: kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; WILDEARTH GUARDIANS; THE HUMANE SOCIETY OF THE UNITED STATES; and THE FUND FOR ANIMALS, <br><br> Plaintiffs, <br><br> v. <br><br> RYAN ZINKE, Secretary of the Interior, in his official capacity; UNITED STATES FISH AND WILDLIFE SERVICE; and JIM KURTH, U.S. Fish and Wildlife Service Acting Director, in his official capacity, <br><br> Defendants. | No. 9:17-cv-00044-DLC <br> Judge Dana L. Christensen <br><br> **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Federal Defendants Ryan Zinke, in his official capacity as Secretary of the United States Department of the Interior; the United States Fish and Wildlife Service; and Jim Kurth, in his official capacity as Acting Director of the United States Fish and Wildlife Service ("FWS"), by and through their undersigned counsel, hereby respond to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF No. 1. The numbered paragraphs and headings of Federal Defendants' Answer correspond to the numbered paragraphs and headings of Plaintiffs' Complaint.

## INTRODUCTION

1.     The allegations in Paragraph 1 consist of Plaintiffs' characterization of their suit and legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

2.     The allegations in Paragraph 2 purport to describe and characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

3.     In response to the allegations in the first sentence of Paragraph 3, Federal Defendants admit that FWS received correspondence from the United States Environmental Protection Agency ("EPA") in 2011 indicating the agency was reinitiating ESA Section 7(a)(2) consultation on the effects of pesticides registered

under the Federal Insecticide Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. §

136 *et seq*., containing the active ingredients sodium cyanide and Compound 1080

("2011 Correspondence"). Federal Defendants deny the allegations in the first

sentence of Paragraph 3 that, "FWS has not analyzed [sodium cyanide and

Compound 1080] since issuance of a biological opinion in 1993." The remaining

allegations in the first sentence of Paragraph 3 are legal conclusions that require no

response. To the extent a response is required, Federal Defendants deny each of the

allegations. The allegations in the second and third sentences of Paragraph 3 purport

to describe and characterize the 2011 Correspondence, which speaks for itself and is

the best evidence of its contents. Federal Defendants deny any allegations

inconsistent with the 2011 Correspondence's plain language, meaning, and/or

context.

4.     In response to the allegations in the first sentence of Paragraph 4,

Federal Defendants admit that the EPA sent the 2011 Correspondence to FWS on

February 11, 2011, more than six years ago, but the remaining allegations in this

sentence consist of legal conclusions that require no response. To the extent a

response is required, Federal Defendants deny each of the remaining allegations. In

response to the allegations in the second sentence of Paragraph 4, Federal

Defendants admit that they have not completed consultations relating to the 2011

Correspondence. Federal Defendants deny the allegations in third sentence of Paragraph 4.

5.      The allegations in Paragraph 5 consist of Plaintiffs' characterization of their suit and request for relief, which require no response. To the extent a response is required, Federal Defendants deny each of the allegations and deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## JURISDICTION

6.      The allegations in Paragraph 6 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

7.      The allegations in Paragraph 7 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

8.      The allegations in the first sentence of Paragraph 8 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 8. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 8 and, on that basis, deny the allegations.

## PARTIES

4

9.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis, deny the allegations.

10.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis, deny the allegations.

11.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis, deny the allegations.

12.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, deny the allegations.

13.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, deny the allegations.

14.    Federal Defendants deny the allegations in the first sentence of Paragraph 14. In response to the allegations in the second sentence of Paragraph 14, Federal Defendants admit that certain pesticides can impact species through acute and chronic effects and contamination of habitats, but otherwise deny the remainder of the allegations. Federal Defendants deny the remaining allegations in the second

sentence of Paragraph 14. The allegation in the third sentence of Paragraph 14, "[i]f FWS completed consultation as required," is a legal conclusion that requires no response. To the extent a response is required, Federal Defendants deny the allegation. In response to the remaining allegations in Paragraph 14, Federal Defendants admit that biological opinions issued for reinitiated consultations on the registration of sodium cyanide and Compound 1080 under FIFRA would detail whether and how the use of the pesticide consistent with registration requirements affect listed species and their critical habitat, and could include reasonable and prudent alternatives, provided the statutory criteria were met, but otherwise deny the remainder of the allegations.

15.     Federal Defendants deny the allegations in the first, second, third, and fourth sentences of Paragraph 15. The allegations in the fifth sentence of Paragraph 15 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

16.     Federal Defendants admit the allegations in Paragraph 16.

17.     Federal Defendants admit to allegations in the first sentence of Paragraph 17. The allegations in the second sentence of Paragraph 17 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

6

18.     Federal Defendants admit the allegations in Paragraph 18.

## LEGAL BACKGROUND

19.     The allegations in Paragraph 19 purport to describe and characterize FIFRA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with FIFRA's plain language, meaning, and/or context.

20.     The allegations in Paragraph 20 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

21.     The allegations in Paragraph 21 purport to describe and characterize the ESA and 50 C.F.R. § 402.01, which speak for themselves and are the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's or the regulation's plain language, meaning, and/or context.

22.     The allegations in Paragraph 22 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

23.     The allegations in Paragraph 23 purport to describe and characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence

of its contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulation's plain language, meaning, and/or context.

24.     The allegations in Paragraph 24 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

25.     The allegations in Paragraph 25 purport to describe and characterize the ESA, 50 C.F.R. § 402.14, and 50 C.F.R. § 402.46, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulations' plain language, meaning, and/or context.

26.     The allegations in Paragraph 26 purport to describe and characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context.

27.     The allegations in the first sentence of Paragraph 27 purport to describe and characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 27 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

8

28.     The allegations in Paragraph 28 purport to describe and characterize 50 C.F.R. § 402.16, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context.

29.     The allegations in Paragraph 29 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context.

30.     The allegations in Paragraph 30 purport to describe and characterize the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, and/or context.

31.     The allegations in Paragraph 31 purport to describe and characterize a decision of the United States Court of Appeals for the Ninth Circuit, *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the decision's plain language, meaning, and/or context.

## FACTUAL BACKGROUND

32.     Federal Defendants admit the allegations in Paragraph 32.

33.     Federal Defendants admit the allegations in Paragraph 33.

34.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 34. The allegations in the third sentence of Paragraph 34 purport to characterize 2015 and 2016 data from APHIS-Wildlife Services, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the data's plain language, meaning, and/or context.

35.     Federal Defendants admit to the allegations in the first, second, and third sentences of Paragraph 35. The allegations in the fourth sentence of Paragraph 35 purport to characterize EPA's classification of sodium cyanide, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the classification's plain language, meaning, and/or context.

36.     The allegations in Paragraph 36 purport to describe and characterize the 1993 Biological Opinion on EPA's registration of 16 vertebrate control agents, including sodium cyanide and Compound 1080 ("1993 Biological Opinion"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 1993 Biological Opinion's plain language, meaning, and/or context. Federal Defendants admit the allegations in the footnote 5 that, "[i]n a March 3, 2017, decision, the D.C. Circuit Court of Appeals lifted ESA protections for gray wolves in Wyoming." Federal Defendants deny the remaining allegations in footnote 5 and aver that gray wolves in Wyoming have been removed

from the List of Endangered and Threatened Wildlife. *See* Reinstatement of Removal of Federal Protections for Gray Wolves in Wyoming, 82 Fed. Reg. 20,284 (May 1, 2017).

37.    The allegations in Paragraph 37 purport to describe and characterize the EPA's Reregistration Eligibility Decision on Sodium Cyanide and the 1993 Biological Opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Reregistration Eligibility Decision's or 1993 Biological Opinion's plain language, meaning, and/or context.

38.    Federal Defendants admit the allegations in the first sentence of Paragraph 38. The allegations in the second, third, and fourth sentences of Paragraph 38 purport to describe and characterize data from the United States Department of Agriculture's Animal Damage Control Program, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the data's plain language, meaning, and/or context.

39.    Federal Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 39, and on that basis, deny the allegations. The allegations in the second sentence of Paragraph 39 purport to characterize data from APHIS-Wildlife Services, which

speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the data's plain language, meaning, and/or context.

40.     The allegations in the first sentence of Paragraph 40 purport to describe and characterize data from APHIS-Wildlife Services, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the data's plain language, meaning, and/or context. Federal Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 40, and on that basis deny them.

41.     Federal Defendants admit the allegations in the first sentence of Paragraph 41 that in February of 2017 a wolf died in northeastern Oregon from a M-44 used by APHIS-Wildlife Services to target coyotes. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 41. Federal Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 41, and on that basis deny the allegations.

42.     The allegations in the first sentence of Paragraph 42 purport to describe and characterize the 1993 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 1993 Biological Opinion's plain language, meaning, and/or context. Federal

Defendants admit the allegations in the second sentence of Paragraph 42. The allegations in the third sentence of Paragraph 42 purport to characterize data from APHIS-Wildlife Services, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the data's plain language, meaning, and/or context.

43.     Defendants admit the allegations in the first sentence of Paragraph 43. The allegations in the second sentence of Paragraph 43 purport to describe and characterize the EPA's classification of Compound 1080, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the classification's plain language, meaning, and/or context.

44.     Federal Defendants admit the allegations in Paragraph 44.

45.     Federal Defendants admit the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 purport to describe and characterize the 1993 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 1993 Biological Opinion's plain language, meaning, and/or context.

47.     The allegations in Paragraph 47 purport to characterize EPA's Reregistration Eligibility Decision on Compound 1080, which speaks for itself and is the best evidence of its Contents. Federal Defendants deny any allegations

inconsistent with the Reregistration Eligibility Decision's plain language, meaning, and/or context.

48.   The allegations in the first sentence of Paragraph 48 are vague and ambiguous, and Federal Defendants deny the allegations on that basis. Federal Defendants deny the allegations in the second sentence of Paragraph 48. Federal Defendants admit the allegations in the third sentence of Paragraph 48 that "livestock protection collars can be lost or the bladders containing the poison punctured by vegetation or barbed wire, causing spills." The remaining allegations in the third sentence of Paragraph 48 are vague and ambiguous, and Federal Defendants deny the allegations on that basis.

49.   The allegations in the first and second sentences of Paragraph 49 purport to describe and characterize the 2011 Correspondence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2011 Correspondence's plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 49 purport to describe and characterize the 1993 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 1993 Biological Opinion's plain language, meaning, and/or context.

14

50.     Federal Defendants admit the allegation in the first sentence of Paragraph 50 that, "[o]ther species have been listed as threatened or endangered since the issuance of the 1993 Biological Opinion." Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 50 and, on that basis, deny the allegations. The allegations in the second sentence of Paragraph 50 purport to describe and characterize the 1993 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 1993 Biological Opinion's plain language, meaning, and/or context.

51.     The allegation in the first sentence of Paragraph 51, "[p]rimarily because of the potential for harm to newly-listed species," purports to describe and characterize the 2011 Correspondence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2011 Correspondence's plain language, meaning, and/or context. In response to the remaining allegations in the first sentence of Paragraph 51, Federal Defendants admit that EPA sent the 2011 Correspondence to FWS on February 11, 2011, but otherwise deny the allegations as legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations. The second and third sentences of Paragraph 51 purport to describe and characterize the

15

2011 Correspondence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2011 Correspondence's plain language, meaning, and/or context.

52.     In response to the allegations in the first sentence of Paragraph 52, Federal Defendants admit that the EPA sent the 2011 Correspondence to FWS on February 11, 2011, more than six years ago. The remaining allegations in the first sentence of Paragraph 52 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations. Federal Defendants deny the allegations in the second and third sentences of Paragraph 52. The allegations in the fourth sentence of Paragraph 52 and footnote 15 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny each of the allegations.

## FIRST CAUSE OF ACTION

53.     In response to the allegation in Paragraph 53, Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

54.     The allegations in the first and third sentences of Paragraph 54 purport to describe and characterize the APA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 54 purport to describe and characterize the ESA, 50 C.F.R. § 402.14, and

16

50 C.F.R. § 402.46, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulations' plain language, meaning, and/or context.

55.    In response to the allegations in the first sentence of Paragraph 55, Federal Defendants admit that the EPA sent the 2011 Correspondence to FWS on February 11, 2011. The remaining allegations in the first sentence of Paragraph 55 are legal conclusions that require no response. To the extent that a response is required, Federal Defendants deny each of the allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 55.

56.    The allegations in Paragraph 56 consist of legal conclusions that require no response. To the extent that a response is required, Federal Defendants deny each of the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint, denominated (1)-(6), constitutes Plaintiffs' Prayer for Relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

All allegations of the Complaint that have not been specifically admitted, denied, or qualified, are hereby expressly denied.

17

**AFFIRMATIVE AND OTHER DEFENSES**

1.      The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.      Plaintiffs lack standing to bring some or all of its claims.

3.      Plaintiffs have failed to allege facts that constitute a violation of law or otherwise to state a claim upon which relief may be granted.

4.      Venue in the United States District Court for the District of Montana is improper.

Dated: June 19, 2017

Respectfully submitted,

JEFFREY H. WOOD, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2017, I electronically filed the foregoing

Notice of Appearance with the Clerk of the Court using the CM/ECF system, which

will send notification of this filing to the attorneys of record.

> /s/ *Kaitlyn Poirier*
> KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
> U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section
> Ben Franklin Station, P.O. Box 7611
> Washington, D.C. 20044-7611
> (202) 307-6623 (tel)
> (202) 305-0275 (fax)
> kaitlyn.poirier@usdoj.gov